NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**AMERICAN INNOTEK, INC., A CALIFORNIA CORPORATION,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

———————————

2017-1178

———————————

Appeal from the United States Court of Federal Claims in No. 1:11-cv-00223-MCW, Judge Mary Ellen Coster Williams.

———————————

Decided: December 19, 2017

———————————

DANIEL W. ERNSBERGER, Behrend & Ernsberger, PC, Pittsburgh, PA, argued for plaintiff-appellant.

JOHN J. FARGO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by CHAD A. READLER, GARY L. HAUSKEN.

———————————

Before MOORE, TARANTO, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge*.

American Innotek, Inc., owns U.S. Patent 5,116,139. It sued the United States in the Court of Federal Claims under 28 U.S.C. § 1498, asserting that the government was using the subject matter of claims 1–4 and 17 of the patent without a license from American Innotek. The Court of Federal Claims, after holding a trial, entered judgment for the United States based on the conclusion that the asserted claims are invalid for obviousness under 35 U.S.C. § 103. *Am. Innotek, Inc. v. United States*, 128 Fed. Cl. 135, 167–68 (2016). American Innotek appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). We affirm.

We see no clear error in the findings of the Court of Federal Claims regarding the scope and content of the prior art, the differences between the prior art and the '139 patent, and the existence of a motivation to combine the prior art elements with a reasonable expectation of success to arrive at the claimed inventions. We see no clear error in the findings of the Court of Federal Claims about the facts bearing on objective indicia of non-obviousness. And we agree with the legal conclusion of obviousness, considering all the pertinent facts, including objective indicia.

This conclusion is a case-specific one. The Court of Federal Claims suggested the existence of a categorical rule that objective indicia, no matter how indicative of non-obviousness they are, "cannot overcome a strong showing of obviousness based on combinations of prior art applied according to the prior art's expected function." *Am. Innotek*, 128 Fed. Cl. at 163 (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 816 F.3d 788, 804 (Fed. Cir. 2016)). That goes too far. "Objective indicia of nonobviousness must be considered in every case where present," *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 839 F.3d 1034, 1048 (Fed. Cir. 2016) (en banc), *cert. denied*, No. 16-1102,

2017 WL 948834 (U.S. Nov. 6, 2017) (vacating panel decision cited by Court of Federal Claims); and the Supreme Court has warned against transforming "[h]elpful insights" about assessing obviousness into "rigid and mandatory formulas," *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 419 (2007). The cases from this court cited by the Court of Federal Claims all include case-specific judgments weighing the particular objective indicia (on the facts found) along with the evidence addressing the prior art, motivations to combine or modify, and expectations of success (on the facts found).[1] Certainly, this court has often determined that particular objective indicia were not decisive in the face of strong other evidence of obviousness, but those results reflect case-specific assessments. In the present case, taking the evidence-supported facts found as a given, we weigh the objective indicia with the other facts and agree with the conclusion of obviousness drawn by the Court of Federal Claims.

We therefore affirm the judgment of that court.

## AFFIRMED

---

[1]  *See ABT Sys., LLC v. Emerson Elec. Co.*, 797 F.3d 1350, 1361–62 (Fed. Cir. 2015); *Allergan, Inc. v. Sandoz Inc.*, 726 F.3d 1286, 1293 (Fed. Cir. 2013); *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010); *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1162 (Fed. Cir. 2007); *see also Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1316 (Fed. Cir. 2008) (stating that "evidence of secondary considerations does not always overcome a strong prima facie showing of obviousness" and finding such evidence not to do so "in this case"); *Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1344 (Fed. Cir. 2008) (stating similar case-specific judgment and describing *Leapfrog* as a case-specific judgment).